UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIBEL GROSSMAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 17 C 2242 |
| MENARD, INC., a Wisconsin Corp., d/b/a MENARD'S, | ) Judge Rebecca R. Pallmeyer |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

In February 2015, Plaintiff Maribel Grossman tripped and fell on a crack in the parking lot at a Menard's store in Carpentersville, Illinois. She has sued Menard's for the resulting injuries. The court's jurisdiction is secure: Grossman an Illinois resident, seeks damages in excess of $75,000, and Defendant is a corporation organized under the laws of Wisconsin with its principal place of business in that state. Defendant Menard's moves for summary judgment, arguing that the crack did not pose an unreasonable risk of harm, that Menard's had no actual or constructive notice of the risk, that Menard's reasonably expected that customers would avoid the crack, and that it has not breached any duty of care to the Plaintiff. For the reasons explained here, the motion is granted.

## FACTS

The facts are set forth in the parties' Rule 56.1 Statements, supported by deposition testimony and photographs. On February 18, 2015, Plaintiff drove to the Menard's in Carpentersville, Illinois and parked her vehicle in the store's parking lot. (Plaintiff's Response to Defendant's 56.1 Statement [28] (hereinafter, "Pltf's Resp.") ¶ 5.) Plaintiff and her two children walked across the parking lot towards the "out" door at what she recalls was a "regular pace." (*Id.* ¶ 6; Deposition of Maribel Grossman, Exhibit A to Defendant's Rule 56.1 Statement ("Def.'s 56.1") [22-1] at 86:12-14.) As she approached the store, Plaintiff saw a vehicle approaching in the travel

lane and "hurried up a tad bit" to get to the store. (Pltf's Resp. ¶ 6; Grossman Dep. at 90:1-14.) Just as Plaintiff approached the yellow striped crosswalk in front of the store, she stepped on a crack and fell to the ground, to the right of the yellow stripes on the pavement. (Pltf's Resp. ¶ 7; Grossman Dep. at 91:16-92:5.) Plaintiff alleges that she suffered from a right rotator cuff tear requiring surgery as a result of the fall, and has brought this lawsuit to recover for her injuries. (*Id.* at 19:24-20:1.)

The depth of the crack is disputed. Defendant has presented several photographs depicting the pavement that include tape measures (see photos, Exhibits B, C, D, E, F to Def.'s 56.1), but those photos (which Plaintiff herself took three months after the incident) show the length of the cracks that appear in the parking lot, not their depth. (Grossman Dep. at 55:9-56:7.) Defendant contends the height of the pavement on either side of the crack where Plaintiff fell differed by no more than a couple of millimeters (Def.'s 56.1 ¶ 15, citing Photo, Exhibit E), while Plaintiff estimated the crack to be as deep as an inch: Asked at her deposition, "do you know the difference in the highest portion of the asphalt near where you fell and the lowest point making up the buckle or unevenness?," Plaintiff responded, "I can guess half an inch to an inch." (Def.'s 56.1 ¶ 15; Grossman Dep. at 107:3-9.)

It is undisputed that in the seven years prior to this incident, no person had fallen or been injured as a result of a crack in the parking lot, and no person had lodged a complaint about the cracks with store management. (Pltf.'s Resp. ¶¶ 18, 19; Peszat Dep., Exhibit G to Def.'s 56.1 [23-7] at 55:23-57:19.) Kim Peszat, the store manager, testified that she has worked at the store for ten years and walks through the parking lots six times per day but has never noticed any significant or potentially dangerous crack. (Peszat Dep. at 6:6-11, 63:6-64:3.)

## **DISCUSSION**

The court will grant summary judgment where the moving party demonstrates that "there is no genuine dispute as to any material fact," and that the moving party "is entitled to judgment

2

as a matter of law." FED. R. CIV. P. 56(a). The court will "construe the facts and draw all reasonable inferences in favor of the non-moving party." *Ferraro v. Hewlett–Packard Co.*, 721 F.3d 842, 847 (7th Cir. 2013). "Once the moving party puts forth evidence showing the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). In order to show the absence of any issue of material fact, the moving party may rely on "materials in the record, including . . . affidavits or declarations . . . or other materials," so long as the evidence relied upon is admissible in evidence. FED. R. CIV. P. 56(c)(1)(A), (2).

Under Illinois law, which governs this action, a plaintiff in a premises liability action has the burden of proving

> (1) the existence of a condition that presents an unreasonable risk of harm to persons on the premises; (2) that the defendants knew, or should have known, that the condition posed an unreasonable risk of harm; (3) that the defendants should have anticipated that individuals on the premises would fail to discover or recognize the danger or otherwise fail to protect themselves against it; (4) a negligent act or omission on the part of the defendant; (5) an injury suffered by the plaintiff; and (6) that the condition of the property was a proximate cause of the injury to the plaintiff.

*Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017) (citing Illinois law). Defendant Menard's argues that Plaintiff has not met the burden of showing that there are disputes concerning several of these elements.

I.    **Unreasonable Risk of Harm**

Defendant contends, first, that the crack in the pavement did not pose an unreasonable risk of harm. (Memorandum of Law in Support of Def.'s Mot. For Summ. J. [24] (hereinafter, "Def.'s Memo. of Law"), at 5.) A plaintiff must prove more than a risk of harm existed; the risk must have been unreasonable. *Van Gelderen v. Hokin*, 2011 IL App (1st) 093152, ¶¶18, 19, 958 N.E.2d 1029, 1035 (2011.) An unreasonable risk of harm refers to dangers that are "hidden, unusual, or not to be expected." *Horcher v. Guerin*, 94 Ill. App. 2d 244, 248, 236 N.E.2d 576, 579

3

(2d Dist. 1956.) Plaintiff argues that the crack in the parking lot did not pose just a minor risk of harm; the crack created an unreasonable risk of harm because it was a half inch to an inch in depth. (Pl.'s Memo. of Law in Opposition to Def.'s Mot. For Summ. J. [29] (hereinafter, "Pl.'s Memo. of Law"), at 5.)

Plaintiff has offered no expert testimony on this issue, nor any other basis for her conclusion that a one-inch depth gradient poses an unreasonable risk of harm as a matter of law. Nor do the photos in the record support such a conclusion; to the extent they can be interpreted at all, the photographs show ordinary defects in the pavement, including perpendicular cracks or perhaps a minor depression in the asphalt. There was nothing hidden, unusual, or unexpected in the parking lot surface. Even assuming that the crack was, as Plaintiff "guesses," as deep as an inch, the court agrees with Defendant that there is no genuine dispute about Plaintiff's claim that the condition of the asphalt posed an unreasonable risk of harm.

## II.  Actual and Constructive Notice

Defendant notes, further, that it had no actual or constructive notice of any unreasonable risk of harm, as required in order to impose liability. (Def.'s Memo. of Law at 5, citing *Parker*, 845 F.3d at 811.) On this issue, as well, the court agrees that there are no disputes of material fact. It is undisputed that there was no actual notice. To establish constructive notice, a plaintiff must present evidence that the "dangerous condition was present for a sufficient length of time such that in the exercise of ordinary care its presence should have been discovered, or [show] that the dangerous condition was part of a pattern of conduct or a recurring incident." *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1040 (7th Cir. 2016) (applying Illinois law). Plaintiff in *Piotrowski* slipped on two small rocks in the parking lot of a Menard store, and filed suit on the theory that the rocks must have come from a planter outside the store or decorative rocks sold inside the store. The Seventh Circuit agreed with the district court that the plaintiff's fall was not sufficient by itself to establish negligence. The court further affirmed the district court's conclusion that the

4

defendant did not have constructive notice of a dangerous condition, because, as in this case, there were no previous incidents involving rocks in the parking lot and the store manager frequently inspected the parking lot.  *Id.* at 1040.

Plaintiff insists that the Defendant had both actual and constructive notice of the unreasonable risk of harm because it knew about the cracking of the asphalt.  Specifically, Plaintiff notes that "tar lines" that appear in the photographs demonstrate previous efforts at repair.  (Pl.'s Memo. of Law, at 8.)  But the fact that some portions of the asphalt were repaired at some time before May 2015 says nothing about whether the Defendant should have been aware of an unreasonable risk of harm from a crack in the asphalt three months earlier.  As in *Piotrowski*, the store manager here walked through the parking lot many times daily and never noticed a significant crack.  The court concludes there is no dispute of material fact on this issue, and that Defendant had no actual or constructive notice that the crack in the parking lot presented an unreasonable risk of harm.

### III.     Anticipation of Customer's Failure to Avoid Crack

Even if there were disputes about an unreasonable risk of harm, or constructive notice, Defendant contends it is entitled to summary judgment because a property owner is liable only if he "should expect that [invitees] will not discover or realize the danger, or will fail to protect themselves against it."  Restatement 2d of Torts, § 343.  Property owners are "not required to foresee and protect against an injury if the potentially dangerous condition is open and obvious." *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 16, 21 N.E.3d 684, 689–90 (internal quotations deleted).  A condition is obvious if "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment."  *Bruns*, 2014 WL 116998 at ¶ 16, 21 N.E.3d at 690 (quoting the Restatement).

5

Plaintiff notes that there is an exception to the "open and obvious" rule in circumstances like this, where the property owner is aware that a visitor may be distracted. (Pltf.'s Memo. of Law, at 6-7.) Under that exception, the "open and obvious" doctrine will not bar recovery if the property owner has a reason to anticipate or expect that the plaintiff's attention might be distracted, so that she will not discover what is obvious, or will forget what she had discovered or will fail to protect herself against it. *Kleiber v. Freeport Farm & Fleet, Inc.*, 406 Ill. App. 3d 249, 257, 942 N.E.2d 640, 647 (3d Dist. 2010.) *Sandoval v. City of Chicago*, 357 Ill. App. 3d 1023, 1030, 830 N.E.2d 722, 729 (1st Dist. 2005.) Plaintiff argues that an approaching vehicle in the travel lane of the parking lot distracted her and that Defendant Menard's created or contributed to this distraction because it controlled and maintained the travel lane in the parking lot. (Pltf.'s Memo. of Law at 7.)

Defendant challenges the notion that it was responsible for any distraction in this case, and urges that Plaintiff's distraction was self-made. (Def.'s Reply to Pl.'s Response to Mot. For Summ. J. [30] (hereinafter, "Def.'s Reply"), at 5.) Self-made distractions do not trigger the distraction exception because they are not something that a Defendant could reasonably foresee. *Bruns*, 2014 IL 116998 at ¶ 20, 21 N.E.3d at 691. Significantly, a case that Plaintiff herself cites points out that in cases recognizing the distraction exception, there was evidence that the property owner "created, contributed to, or was responsible in some way for the distraction which diverted the plaintiff's attention from the open and obvious condition." In *Sandoval*, the plaintiff was injured when she was focused on watching her children rather than where she was walking on the sidewalk, and the court observed that "[w]hen a plaintiff's attention is diverted by her own independent acts for which the defendant has no direct responsibility, the distraction exception does not apply." 357 Ill. App. 3d at 1030-31, 830 N.E.2d at 729. In any event, Defendant notes, traffic is an inherent characteristic of parking lots and a reasonable person would be aware of approaching cars and defects in the asphalt. (Def.'s Reply at 5.) Property owners are not required

to guard against a distraction that "is a commonplace event that could occur anywhere." *Negron v. City of Chicago*, 2016 IL App (1st) 143432, ¶ 19, 55 N.E.3d 109, 114 (1st Dist. 2016.) Here, if Plaintiff missed a crack in the asphalt partially because she saw an oncoming car, she was distracted by a commonplace occurrence.  (Def.'s Reply at 5.)

Defendant finds the present case similar to *Wade v. Wal-Mart Store, Inc.*, 2015 IL App (4th) 141067, 39 N.E.3d 1141 (4th Dist. 2015), in which the plaintiff, "trotting" across the parking lot at night, stepped into a pothole that was "a couple of feet long and a few inches deep." 2015 IL App (4th) 141067 at ¶ 23; 39 N.E.3d at 1146.  The plaintiff in *Wade* admitted she was not looking at the asphalt as she walked, and the court concluded that a reasonable person would have seen the pothole and avoided it.  Here, similarly, Defendant argues, if a crack in the asphalt was hazardous at all, it was visible and could be viewed from a distance.  (Def.'s Memo of Law at 7.)  The court agrees:  if the condition of the asphalt can be understood as hazardous, that hazard was open and obvious, and the distraction exception does not apply here.

### IV.     Duty of Care

Finally, a finding of premises liability requires a showing that Defendant owed a duty of care. *Parker*, 945 F.3d at 811.  A business has a duty to maintain its property in a reasonably safe condition to avoid injuries to its customers, *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014) (applying Illinois law), , but a balancing test is applied to determine the scope of that duty. *Hanna v. Creative Designers, Inc.*, 2016 IL App (1st) 143727, ¶ 19, 63 N.E.3d 1036, 1042 (2016).  The elements to be considered are the foreseeability and likelihood of the injury, as well as the magnitude and consequences of placing the burden on the defendant to guard against the injury. *Hanna*, 2016 IL App (1st) 14372763 at ¶ 18, 63 N.E.3d at 1042.

The court has already concluded that it was not reasonably foreseeable that Plaintiff would be injured as a result of cracks in the asphalt parking lot outside Menard's.  Plaintiff's attempt to impose liability on Defendant in these circumstances would place a large burden on the store to

avoid injuries, Defendant asserts.  (Def.'s Memo. of Law at 9.)  Defendant would have to repair or warn customers of every crack in the parking lot and it would have to repave its entire lot several times a year.  (*Id.*)  Plaintiff notes that Defendant already performs regular repairs with lines of tar or by digging up and replacing patches of asphalt.  (Pl.'s Memo. of Law at 8.)  But this regular attention to the condition of the parking lot defeats Plaintiff's negligence theory.  To the extent Plaintiff believes the law requires Defendant to maintain the parking lot in perfect condition at every moment, the court disagrees.  Defendant had no duty to keep the parking lot free of any crack, regardless of its size or significance.

## **CONCLUSION**

The motion for summary judgment [21] is granted.  Judgment will enter in favor of Defendant.

ENTER:

Dated: September 24, 2018

REBECCA R. PALLMEYER
United States District Judge